UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Lee Lisenby, Jr., # 200273, | ) C/A No. 5:14-2893-DCN-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) (Partial Summary Dismissal) |
| Kela E. Thomas, Director; | ) |
| Larry Ray Patton, Jr., Director of Parole Board Support; | ) |
| The Parole Board, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Background

Billy Lee Lisenby, Jr. ("Plaintiff") alleges that many of his federal constitutional rights and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 (covering discrimination by public entities), were violated by the alleged lack of consideration the South Carolina Parole Board (the "Parole Board") gave to his parole application in March 2014. ECF No. 1-1 at 2. He cites to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the ADA as the basis for his claims. ECF No. 1-1 at 1.[1]

---

[1] Plaintiff also cites to 28 U.S.C. § 1343; however, that statute grants federal courts subject-matter jurisdiction over certain civil rights actions. It does not provide a private right of action to any citizen. *Duffield v. Mem. Hosp. Ass'n of Charleston*, 361 F. Supp. 398, 401 (D. W. Va. 1973).

Plaintiff states that the parole hearing lasted only three minutes despite his having submitted extensive medical evidence and personal recommendations to the Parole Board, and that Defendants could not have adequately considered and applied the statutory criteria for parole consideration in his case. *Id.* at 2-4; *see* S.C. Code Ann. § 24-21-640 ("Circumstances warranting parole; search and seizure; criteria; reports of parolees; records subject to Freedom of Information Act."). Plaintiff also contends that the Parole Board violated its own policies by not having a mental-health assessment performed and considered. ECF No. 1-1 at 4. He further alleges that the reasons given for denying him parole violate his rights under the ADA and to due process under the Fourteenth Amendment because 1) there is nothing he can do to correct the circumstance that he has not successfully completed a community supervision program, and 2) most of the prison disciplinary violations the Parole Board held against him resulted from his well-documented mental health problems (bi-polar, explosive personality disorder). ECF No. 1-1 at 7-8. He sues two individual officials of the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") and "the Parole Board," and asks for damages, and injunctive and declaratory relief. *Id*. at 10-12.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

    A.    The Parole Board

        1.    § 1983 Claim

Plaintiff fails to state any plausible claims against Defendant "the Parole Board," and, accordingly, the Complaint should be partially summarily dismissed insofar as it seeks to hold this Defendant liable for any of the alleged constitutional or federal statutory violations which Plaintiff contends occurred in connection with his parole hearing. First, to state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive

3

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Plaintiff's use of the collective term "the Parole Board" to name a § 1983 defendant is the equivalent of the use of collective terminology such as "staff," which has been found insufficient to name a person. *Id*. As a result, Plaintiff fails to state a plausible § 1983 claim against Defendant the Parole Board.

    2.  Other Civil Rights Claims

Plaintiff has not stated any plausible §1981 or § 1985 claims against the Parole Board because there are no allegations that any of the alleged constitutional violations in Plaintiff's parole proceedings were the result of racial-, gender-, or national-origin-based discrimination. *See Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) ("Under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are *motivated by a specific class-based, invidiously discriminatory animus* to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.") (emphasis added, citations omitted); *Murray v. Thistledown Racing Club, Inc*., 770 F.2d 63, 69 (6th Cir. 1985) (§ 1981) ("It is well settled that an

---

individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

action based upon 42 U.S.C. Section 1981 requires the plaintiff to demonstrate that the defendants intentionally discriminated against her on the basis of race."); *see also Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 388-89 (1982) (§ 1981 requires allegations and proof of racial discrimination). Additionally, because Plaintiff has stated no plausible § 1985 claim in his Complaint, he cannot state a plausible § 1986 claim because § 1986 is derivative of § 1985. The statute itself makes this dependent relationship clear, and that no claim will lie under § 1986 unless a valid claim has first been established under § 1985. *See Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003); *Stephenson v. Ellis*, No.3:11 cv418/MCR/CJK, 2013 WL 1197723, *5 (N.D. Fla. Jan. 25, 2013) (collecting cases; § 1986 is derivative of § 1985).

B.   ADA Claims Against All Defendants

Additionally, insofar as Plaintiff's attempt to assert an ADA claim against Defendants is concerned, no plausible "individual capacity" ADA claim is stated against any Defendant because the ADA does not impose individual liability on employees or officials of a public entity.[3] *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Smith v. Potter*, No. 1:09CV587, 2010 WL 1500876 (M.D.N.C. Apr. 14, 2010); *Swaim v. Westchester Acad., Inc.*, 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001); *see also Damron v. N. D. Comm'r of Corr.*, 299 F. Supp. 2d 970, 979 (D.N.D. 2004) (no individual capacity ADA claim against prison employees), *aff'd*, 127 F. App'x 909 (8th Cir. 2005). Moreover, no plausible Title II ADA claim for damages is stated against Defendant Thomas or Defendant Patton in their official capacities because any such claim is barred by the Eleventh Amendment to the United States Constitution. *See Damron*, 299 F.2d at 976; *see also Williams v. Dorchester Cnty. Det. Ctr.*, 987 F. Supp. 2d 690, 696 n.3 (D.S.C. 2013) (official capacity claims for

---

[3] Liberally construed, Plaintiff does state a plausible ADA official-capacity claim for declaratory and prospective injunctive relief against Thomas and Patton. *See Thompson v. Davis*, 295 F.3d 890, 896-99 (9th Cir. 2002) (addressing pleading requirements for an official capacity ADA claim against officials of California parole authority); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003).

prospective injunctive relief, but not damages, may be maintained against state officials to address a state agency's alleged violations of federal law).

   C.  Civil Rights Claims Against Defendant Thomas and Defendant Patton

  Finally, no plausible §§ 1981, 1985, 1986 claims are stated against either Defendant Thomas or Defendant Patton because, as previously noted, there are no allegations of race-based discrimination against any Defendant. *See Simmons v. Poe*, 47 F.3d at 1376-77; *see also Farese v. Scherer*, 342 F.3d at 1232 n.12. Further, no plausible § 1983 individual-capacity claims have been stated against either Thomas or Patton because there are no allegations of personal involvement by these two apparently supervisory employees of SCDPPPS. It is settled that in order to assert a viable § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Plaintiff does not allege these Defendants hold supervisory roles at SCDPPS.[4] Even assuming, *arguendo*, they do, this is not a sufficient "affirmative link" in the absence of additional allegations and proof of the required personal involvement in the alleged constitutional violations by unnamed subordinates. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate.[5] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978).

---

[4] *See* http://www.dppps.sc.gov/structure.html (describing the management structure of the three divisions of SCDPPPS; identifying Defendant Thomas as SCDPPPS Director, but not identifying Defendant Patton) (last consulted Aug. 11, 2014).

[5] The vicarious-liability issue is not as clear with regard to proper claims under § 1981. *See Carnell Constr. Corp. v. Danville Redevelopment & Housing Auth.*, 745 F.3d 703, 717 n.7 (4th Cir. 2014) (assuming without deciding that vicarious liability could be applied in a proper § 1981 claim; citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 404 (1982) (O'Connor, J., concurring)). Nevertheless, as previously noted, Plaintiff fails to state a plausible § 1981 claim against any Defendant in this case because he does not allege that he was discriminated against because of his race,

There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Defendants Thomas and Patton may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373).

The *Slaken* exception is not adequately pleaded in this case because there are no allegations that either Defendant Thomas or Defendant Patton had any personal knowledge of the constitutional violations that Plaintiff alleges he encountered in his appearance before the South Carolina Parole

---

nor does he allege that such discrimination interfered with a contractual relationship between himself and another. *See Pitts v. U. S. Dep't of HUD*, 546 F. App'x 118, 120 (4th Cir. 2013).

7

Board. In fact, neither of these two Defendants is mentioned at all in Plaintiff's allegations, much less are they alleged to have had personal knowledge of or involvement with the Parole Board's actions. Thus, regardless of how serious the alleged due-process violations might have been in Plaintiff's parole-hearing process, neither Thomas nor Patton, in their individual capacities, can be found liable for them simply based on their jobs as a "supervisors" at SCDPPPS.[6]

IV.     Conclusion and Recommendation

In conclusion, Plaintiff's Complaint fails to state any plausible claims against Defendant "the Parole Board," and fails to state any plausible "individual capacity" damage claims against Defendant Thomas or Defendant Patton. As a result, the Complaint should be partially summarily dismissed insofar as it purports to raise such claims. However, Plaintiff's allegations, liberally construed, are sufficient to state facially plausible official-capacity claims for prospective declaratory and injunctive relief against Defendant Thomas and Defendant Patton under the ADA and § 1983. The Complaint should be served on Defendants Thomas and Patton with directions that they respond only to the § 1983 and ADA claims seeking declaratory and prospective injunctive relief. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

---

[6] Plaintiff's allegations about allegedly unconstitutional Parole Board policies are sufficient to state plausible § 1983 official-capacity claims for prospective injunctive and declaratory relief against Defendant Thomas and Defendant Patton. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (prospective declaratory relief available in *Ex Parte Young* claim).

August 11, 2014                                              Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).