UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., | ) | C/A No.: 5:14-cv-02893-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kela E Thomas, Director and Larry Ray Patton, Jr., Director of Parole Board Support, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Billy Lee Lisenby, Jr., proceeding pro se, filed this civil action on July 21, 2014, after he was denied parole by the Department of Probation, Parole, and Pardon Services. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani West for pretrial handling. On January 26, 2015, Defendants filed a Motion for Summary Judgement. ECF No. 43. As Plaintiff is proceeding pro se, the court entered an order on January 27, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file an adequate response. ECF No. 44. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted, thereby ending this case. Thereafter, the court granted four Motions for Extensions for Plaintiff to respond to Defendants' dispositive motion. *See* ECF Nos. 51, 58, 61, 71. Pursuant to the court's instruction, Defendants filed status reports with the court and represented that Plaintiff had access to his legal materials. *See* ECF Nos. 65, 74. With the extension granted by the court Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment was July 8, 2015. ECF No. 85.

Instead of filing a Response, on July 7, 2015, Plaintiff filed a Motion to voluntarily dismiss his case stating that he does "not wish to pursue it any further." ECF No. 87. In their Response to Plaintiff's Motion, Defendants consented to "the dismissal of this matter in its entirety WITH PREJUDICE." ECF No. 88 (emphasis in Response). Because Plaintiff filed his Motion to Dismiss after Defendants filed their Answer, he fails to meet the requirements to dismiss this action without a court order. *See* Fed. R. Civ. P. 41(a)(1). Under Rule 41(a)(2), a district court may dismiss an action "at the plaintiff's request only by a court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

Plaintiff has indicated that he seeks to dismiss his case, and Defendants have consented to such. Accordingly, the undersigned recommends that Plaintiff's action be dismissed without prejudice.

IT IS SO RECOMMENDED.

July 20, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**